**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| AUREL MICH | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-14-1397 |
| J. NICE, | * | |
| CHAPLAIN WILSON and | | |
| LAMP NORTH | * | |
| Defendants | * | |

*** 

**MEMORANDUM**

The above-captioned case was filed on April 24, 2014, together with a motion to proceed in forma papueris.  Because he appears to be indigent, plaintiff's motion shall be granted.  For the reasons that follow, the complaint must be dismissed.

Plaintiff, an inmate confined at North Branch Correctional Institution (NBCI), asserts that he has been denied an emergency phone call to his 80 year-old mother in Romania and now does not know if she is alive.  ECF 1 at p. 3.  He states the denial of this phone call is a violation of Division of Correction Directive (DCD) 110-22.  He seeks an order from this court requiring prison officials to allow the phone call and one-million dollars in damages.  *Id.*

The refusal of prison staff to allow plaintiff to make a call to Romania does not impact on a constitutionally protected right.  "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution."  *Meachum v. Fano*, 427 U.S. 215, 224 (1976), s*ee also Sandin v. Conner*, 515 U.S. 472 (1995), requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest.  That analysis does not change in light of

the asserted violation of prison regulations governing phone calls of this kind.   *See Riccio v. County of Fairfax*, 907 F.2d 1459, 1456 (4th Cir. 1990) ("a state does not necessarily violate the constitution every time it violates one of its rules.")

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   The instant claim fails to state a claim upon which relief maybe granted.   Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."   The instant case will be the first filed by plaintiff that has been dismissed as frivolous.   For the reasons stated, this case will be dismissed by separate order.

May 6, 2014                                                    _____/s/_____
Date                                                          James K. Bredar
                                                             United States District Judge